## SCRUTON & HAND *v.* DEMING.

The indorsement of a writ in a case where there are two plaintiffs, one of whom is a citizen of this State and the other is not, is sufficient, if made by any party and in any form which would render it sufficient if both plaintiffs were citizens of the State.

If a writ is not indorsed in the manner required by the statute, and this appears upon an inspection of the writ, it may be quashed on motion. If any fact is necessary to make the indorsement insufficient, which does not appear upon the writ itself, it must be set forth by plea.

THE plaintiffs are described in the writ as Charles S. Scruton, of Bath, in said county, (of Grafton) " and John Hand, of Peacham, in the county of Caledonia, in the State of Vermont, yeomen, and partners doing business under the name of Scruton & Hand." The writ is indorsed : " Scruton & Hand : By their attorney, A. P. Carpenter." The defendant moved that the writ be quashed for want of a proper indorser ; and in support of the motion offered the testimony of G. W. Chamberlain to the facts that the plaintiff, Scruton, never had his residence in Bath, but that his domicil was in Newbury, in the State of Vermont.

The motion to quash was denied by the court, and the defendant excepted.

*Hibbard*, for the defendant, argued that as it appeared from the writ that Hand was not an inhabitant of the State, and from

Scruton & Hand *v.* Deming.

the testimony of Chamberlain that Scruton also was not, the indorsement was insufficient on the authority of *Miner* v. *Smith*, 6 N. H. 219 ; that if the authority of that case was in any degree shaken by *Pettengill* v. *McGregor*, 12 N. H. 179, the doctrine of the latter case has no application to this, as the ground upon which the indorsement in that case was held to be the indorsement of the attorney, was that it appeared from the writ itself that the attorney had no authority to indorse the plaintiff's name, and was therefore personally bound ; while in this case, Scruton, being set up in the writ as a citizen of this State, it does not appear upon the face of the writ that his name was indorsed improperly ; and consequently the attorney is not bound. He contended that if Scruton was taken to be a citizen of the State, as described in the writ, the defendant was entitled to his indorsement, or that of his agent or attorney, binding them personally ; and if taken to be not a citizen, as shown by the proof, then he was entitled to the personal responsibility of some one who was a citizen : That in this case he had neither, and the indorsement was insufficient, *qua cunque via.*

*Carpenter*, for the plaintiffs, contended that the case came within the principle of *Pettengill* v. *McGregor*.

SAWYER, J. The statute provision upon the subject of the indorsement of original writs is as follows : " All original writs shall, before they are served, be indorsed on the back thereof by the plaintiff, his agent or attorney, being an inhabitant of this State ; and if the plaintiff is not an inhabitant of this State, by some responsible person who is such inhabitant."

If the writ is not indorsed in the manner prescribed by the statute, and the defect is made to appear in the proper way, the writ will abate. There is no doubt that advantage may be taken of the defect by a motion to quash, whenever it is apparent, from an inspection of the writ itself, that it is not properly indorsed. Thus, if there be no name written upon the back of the writ which purports, or can be understood to be, the name

of an indorser, the want of an indorsement being apparent from an inspection of the writ itself, there is nothing more required to bring it to the notice of the court and to make it the ground of abating the writ, than to submit the motion to quash.  So, too, where the plaintiff is described in the writ as of some place out of the State ; this is regarded as an admission of record that he is not an inhabitant of the State, and an indorsement by himself consequently not a compliance with the statute.  In such case, all appears upon the record that is necessary to show the defective or irregular indorsement.  When it thus appears, there is no occasion for pleadings to result in an issue by the finding of which the necessary facts may appear of record for abating the writ, because of the want of the proper indorsement. All appearing upon the record that is required for that purpose, by the plaintiff's own showing on his writ, advantage may be taken of the defect by the motion to quash.  But when the required fact does not thus appear upon the writ, it must be made to appear by the pleadings, in order that the defendant may avail himself of it for the abatement of the writ.  If the question of residence of the plaintiff is to be determined by evidence *dehors,* the record, he has the right to an issue upon it, to be tried by the jury.  It cannot be tried by the court upon motion.

One of the plaintiffs in this case appears from the writ to be an inhabitant of Vermont, while the other is shown upon the face of the writ to be an inhabitant of this State.  If the defendant would show that the indorsement is defective, because in fact he is not such inhabitant, it should have been pleaded, to enable the plaintiff to take issue upon the fact, and if found against him, to make the ground for abating the writs appear of record. As the record now is, one of the plaintiffs, Scruton, is to be deemed an inhabitant of the State, and as such he has the right to bring his suit, without furnishing a responsible person as indorser.  If the action had been in the name of Scruton alone, or both plaintiffs had been citizens of the State, the indorsement of the plaintiffs, or their agent or attorney, would have been sufficient.

The right of Scruton to indorse in that mode is not affected by the fact that his claim, being joint with one not an inhabitant, he is compelled to join him in the action. The ground of the distinction in the statute between plaintiffs who are inhabitants of this State, and those who are not, is, that while citizens of other States are beyond reach of the process of our courts, and therefore may properly be required to give security for costs, as a condition upon which they may prosecute their suits in this jurisdiction, our own citizens being within the jurisdiction, to answer in person for the costs, are not to be thus embarrassed in resorting to a legal remedy for enforcing their rights. Scruton, as an inhabitant of the State, is entitled to all the advantage of this distinction. If, in bringing his suit, he is compelled by the rules of pleading to join with him other plaintiffs, who are not citizens, he does not thereby forfeit the benefit of his citizenship in this respect. As to him, the action is one brought by a plaintiff who is an inhabitant of the State, and the suit cannot abate for want of a proper indorser, so far as relates to him, if he furnishes such indorsement as is required of plaintiffs who are inhabitants. As the writ cannot abate as to one plaintiff, for want of a proper indorsement, without abating as to all, if the indorsement is sufficient as to one, it must necessarily be held sufficient as to all. The motion to quash was properly denied in the court below, and the

*Exception must be overruled.*